TotteN, J.,-
delivered the opinion of the court.
Replevin for goods; judgment for the defendant, and appeal, by the plaintiff, to this court.
It appears that in May, 1851, Thomas Koen, of Holly Springs, a grocer, sent his order by mail to the plaintiff, ■a grocer at Memphis, to forward by first conveyance, four barrels of whiskey, one barrel of brandy, one keg of wine, &c., and at the same time, enclosed to the plaintiff one hundred dollars to be placed to his credit on account. Before and after this time other orders and remittances of like character had been made, and at the date of this transaction the balance of account was in favor of the plaintiff, who had full confidence in the credit and solvency of Koen. The goods wrere put up, marked “T. Koen, Holly Springs,” and placed on the wagon of a common carrier, at the plaintiff’s door, but the carrier’s receipt was not taken. It was the custom at Memphis, in such case, to take the carrier’s receipt; and there is proof, both ways, to the question, whether goods were considered as delivered before the receipt was taken.
The goods were thereon seized by defendant, as sheriff of Shelby, in virtue of an attachment in his hands against Koen, at the instance of a creditor of Koen, and claimed to be liable as his property. They were then replevied by the plaintiff; and it is now argued for him, *663 First, that the title had not passed to the buyer, because the delivery was not complete; and second, that the seller had a Men upon the goods until the price was paid, or tendered.
As to the delivery, we think it was complete; for, it is clear, that a delivery to the carrier is, in effect, a delivery to the buyer; and he may maintain an action against the carrier if the goods be lost or injured. He is, in fact, the agent of the buyer and receives the goods for him. By this delivery the property becomes vested in the buyer, subject only to the seller’s right of stoppage in t/ransitu, which is an equitable right, not inconsistent with the former, and consists in reserving the possession of the goods, while in transitu, and retaining them until the price be paid. But this right is gone, if other bona fide rights intervene, before it be exercised; as, if -the buyer sell the goods or they be legally attached for debt, as in the present case. Nor is the case affected by the circumstance that the carrier’s receipt had not been given, when the goods were attached. It was proper that it be given, but it is merely evidence of the fact that a delivery had taken place. The custom of Memphis, in this respect, is not material, as it has nothing to do with the law of the case.
As to the right of lien for the price of the goods, that is a legal right, founded in possession; and it cannot exist after the seller has parted with his possession; Newson vs. Thornton, 6 East., 21; Lickborrow vs. Mason, 2 T. R., 63.
We have seen that the delivery was complete when the goods were placed in possession of the carrier; and the right of lien, which consists in possession, was then at an end.
*664 Ilis honor, the circuit judge, instructed the jury correctly upon the subject of a delivery of the goods; but erroneously as to the seller’s right of stoppage m trm-situ. This error, however, was in favor of the plaintiff, and is no cause of reversal here.
Let the judgment be affirmed.